UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATTI HARRISON, individually and in behalf of
her two minor children,

          Plaintiff,

v.                                                    Case No.  5:04-cv-457-Oc-10GRJ

VILLAGES TRI-COUNTY MEDICAL CENTER,
INC. d/b/a Villages Regional Hospital,

          Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion To Dismiss Plaintiff's Complaint With Prejudice. (Doc. 20.)  Plaintiff has not filed a response in opposition, and her time for doing so has passed.  For the following reasons, Defendant's motion is due to be **GRANTED**.

## DISCUSSION

While dismissal is a dramatic sanction that is to be utilized only in extreme situations, it is appropriately applied where there is a clear record of delay or contumacious conduct on behalf of the plaintiff.[2]  The failure of a plaintiff to obey court rules and orders or a plaintiff's voluntary absence from a scheduled hearing coupled

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] See Morewitz v. W. of Eng. Ship Owners Mutual Prot. and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995).

with a pattern of similar conduct have been held to constitute want of prosecution, justifying the sanction of dismissal.[3]

This case presents circumstances which justify the sanction of dismissal. On January 4, 2006, Defendant filed a motion to dismiss Plaintiff's Complaint because Plaintiff had failed to respond to discovery requests and to appear for her properly noticed deposition.[4] While the Court declined to dismiss Plaintiff's Complaint at that time, it ordered Plaintiff, on or before March 3, 2006, to (1) pay to Defendant $950.00 which represented Defendant's attorney's fees and expenses associated with the deposition that Plaintiff failed to attend; (2) appear for her deposition; and (3) serve responses to Defendant's outstanding discovery requests.[5] The Court noted that if Plaintiff failed to comply with its Order, the Court would entertain a motion by Defendant to dismiss Plaintiff's Complaint with prejudice.

Defendant has now filed the instant motion to dismiss because Plaintiff has failed to comply with the Court's previous Order. Specifically, although Plaintiff's counsel appeared, Plaintiff failed to appear for her properly noticed deposition on February 27, 2006.[6] In addition, Plaintiff has not served responses to Defendant's outstanding discovery requests, nor has she paid Defendant the previously awarded $950.00. The

---

[3] See Jones, 709 F.2d at 1462; see also Clark, 794 F.2d at 597 ("[The sanction of dismissal] was imposed because [plaintiff] had deliberately failed to appear at the hearing, and it was an appropriate sanction. The district judge is not required to ignore a litigant's voluntary absence from a hearing set in his case . . . . If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate . . . .").

[4] See Doc. 16.

[5] See Doc. 17.

[6] See (Doc. 20-2) Certificate of Nonappearance. Apparently, Defendant intended to attach a document showing that Plaintiff's deposition was rescheduled pursuant to notice and agreement of counsel; however, no such document is attached to the motion.

2

docket reflects that Plaintiff should have received electronic notification of the Court's previous Order on February 8, 2006 and Defendant's instant motion on March 17, 2006. Nevertheless, Plaintiff has failed to offer any explanation for her contumacious conduct. Based on the foregoing, Plaintiff's Complaint (Doc. 2) should be dismissed.

Defendant requests that Plaintiff be required to pay to Defendant $1,144.05 -- i.e., the fees and expenses associated with the February 27, 2006 deposition that Plaintiff failed to attend. While the Court finds that Defendant is entitled to recover its reasonable fees and expenses associated with the February 27, 2006 deposition, Defendant has only offered documentation to support the requested court reporter fees, and not the requested attorney's fees and travel time. Accordingly, Plaintiff should be ordered to pay to Defendant the court reporter fees in the amount of $64.10.[7]

## RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (Doc.2) be **DISMISSED** with prejudice for the Plaintiff's failure to prosecute this action and for her failure to comply with an Order of the Court. It is further recommended that Final Judgment should be entered in favor of Defendant in the amount of **$1,014.10.**[8]

**IN CHAMBERS** in Ocala, Florida, on May 15, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[7] Defendant is free to file a supplemental motion regarding the attorney's fees and travel time with the appropriate documentation.

[8] This amount represents the previously ordered $950.00 (see Doc. 17) and the court reporter fees associated with the February 27, 2006 deposition.